IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGINE M. GRAYEDA | § | |
| | § | |
| v. | § | C.A. NO. MC-07-61 |
| | § | |
| TEXAS RIO GRANDE LEGAL AID | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO PROCEED
*IN FORMA PAUPERIS* AND TO DISMISS PLAINTIFF'S ACTION**

Georgine M. Grayeda, plaintiff, proceeding pro se, has filed a civil rights action against defendant Texas Rio Grande Legal Aid alleging discrimination and a violation of civil rights. (D.E. 1-2, at 1-2). Pending is her application to proceed in forma pauperis in this action. (D.E. 1).

For the reasons stated herein, it is respectfully recommended that plaintiff's motion to proceed in forma pauperis be denied, and that her action be dismissed.

### I.  BACKGROUND

Plaintiff alleges that defendant discriminated against her and violated her civil rights in denying her representation in certain child custody and other family law matters. (D.E. 1-2, at 1). She further alleges that defendant harassed her and improperly denied her requests for representation.

**A.      Plaintiff's Claims.**

In November 2005, plaintiff met with attorneys at defendant's Austin office.

Specifically, she requested defendant's assistance and representation in filing an Emergency Order of Protection with an Emergency Petition for Temporary Custody concerning three of her minor children. (D.E. 1-2, at 1). Her ex-husband was awarded custody of their children by an Illinois state court and the children still resided in Chicago at the time of this meeting. Id. at 3. Defendant declined her request for representation, recommending that she contact a legal aid provider in Chicago. Id. at 1, 4.

In January 2006, plaintiff again met with attorneys at defendant's Austin office. She requested defendant assist her with terminating her child support obligations and transferring the dissolution of her marriage in Cook County Circuit Court case no. 97D13339 to Texas. Id. at 1. Defendant again declined her request for representation, recommending that she contact the Legal Assistance Foundation of Metropolitan Chicago ("LAF") and providing her with various contact information for this organization. Id. at 1, 9-10. An attorney employed by defendant also sent a letter to LAF on plaintiff's behalf. Id.

In February 2006, plaintiff alleges that defendant's staff attorneys sent additional correspondence to LAF as well as to her that contained incorrect information. Id. at 1. She further asserts that defendant again refused to represent her. Id. In a February 1, 2006 letter, a staff attorney with defendant's Austin

office wrote plaintiff regarding her request for a protective order on behalf of her fourth child, a daughter who resided with her in Texas. Id. at 19-20. The staff attorney reiterated that defendant would not be able to assist plaintiff in obtaining a protective order and recommended that she contact LAF.

In October 2006, plaintiff again requested defendant assist her with terminating her child support obligations and transferring the dissolution of her marriage in Cook County Circuit Court case no. 97D13339 to Texas. Id. at 2. By October 2006, plaintiff's ex-husband and three children resided in Indiana. Id. at 2, 21, 31.

Finally, plaintiff alleges that defendant failed to provide her with legal assistance regarding bankruptcy matters. Id. at 2, 37. In a March 14, 2006 letter, defendant's staff attorney explained that defendant would not be able to assist her with any bankruptcy matter she intended to pursue and instead recommended that she contact a private attorney. Id. at 38. In this letter, the staff attorney also provided various general advice about debt and bankruptcy. Id. at 38-39. In an April 24, 2007 letter, defendant's staff attorney again explained that defendant would not be able to assist her with any bankruptcy matter she intended to pursue and instead recommended that she contact a private attorney. (D.E. 1-3, at 2). In this letter, the staff attorney also reiterated the advice about debt and bankruptcy.

Id. at 2-5.

In her complaint, plaintiff seeks various relief.  She seeks to have her Cook County action, case no. 97D13339, addressing the dissolution of her action transferred to state court in Nueces County.  (D.E. 1-2, at 2).  She further petitions to have another appeal in case no. 97D13339 in Texas state appellate courts.  Id.  Finally, she seeks to consolidate pending Indiana state custody cases with this federal action.  Id.

**B.    Plaintiff's Application to Proceed In Forma Pauperis.**

In her application, plaintiff swore that she has limited monthly income.  Specifically, she works day labor temporary agency where she generally receives between $6.00 and $6.50 per hour when she works.  (D.E. 1, at 1).

Plaintiff is not married, and receives no alimony payments.  She has one daughter residing with her, but must pay $200 per month in child support to her ex-husband for her three other children.  Id. at 2.  She does not have any money in a banking account.  Id.  She does not own a car or any other valuable property.  Id.

## II.  DISCUSSION

**A.    Actions Filed In Forma Pauperis Must Satisfy 28 U.S.C. § 1915(e)(2)(B).**

Plaintiff filed an application with the Court to proceed in forma pauperis, which would allow her to file her action without paying the filing fees:

> any court of the United States may authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); see also Gay v. Tex. Dep't. of Corr., 117 F.3d 240, 241 (5th Cir. 1997) (non-prisoner plaintiffs may file actions without paying a filing fee). Even if a person is indigent, however, that person may be limited in proceeding in forma pauperis. The statute further provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> * * *
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Siglar v. Hightower, 112 F.3d 191, 193 (stating that a complaint may be dismissed if it lacks an arguable basis in law or fact).

Plaintiff's pro se complaint is to be construed liberally and its well-pleaded allegations accepted as true. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted). "Even a liberally construed *pro se* civil rights

complaint, however, must set forth facts giving rise to a claim on which relief may be granted." Id. (citing Levitt v. Univ. of Tex. at El Paso, 847 F.2d 221, 224 (5th Cir. 1988)).  In Siglar, the court explained that "[a] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." 112 F.3d at 193 (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  The Fifth Circuit has also held that "[a] district court may dismiss an in forma pauperis proceeding as frivolous ... whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir. 1991) (per curiam) (citations omitted); see also Booker v. Koonce, 2 F.3d 114, 116 (5th Cir. 1993) (dismissing an arrestee's in forma pauperis civil rights claims against district attorney and city as facially frivolous).

**B.     Plaintiff Fails To State A Claim Under Civil Rights Statutes.**

Plaintiff alleges defendant has violated her civil rights and discriminated against her, but she did not provide any specifics of discriminatory animus.  Nor does she cite to any specific federal anti-discrimination statute.

State actors who deprive individuals of constitutional rights may be sued for those violations.  42 U.S.C. § 1983.   The Texas Rio Grande Legal Aid, however,

is not a state agency, but instead is a nonprofit charitable corporation. http://www.trla.org/faq.php. Plaintiff has not alleged any state action by defendant. See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001). Accordingly, it is respectfully recommended that plaintiff cannot assert a civil rights claim against defendant pursuant to § 1983.

Federal civil rights law also bars discrimination on the basis of race and national origin in the protection of the right to make and enforce contracts and to sue. 42 U.S.C. § 1981. Plaintiff does not allege that defendant alleged discrimination against her on the basis of her race or national origin.

Moreover, there is no evidence to support a claim that defendant discriminated against plaintiff by declining to represent her regarding her various legal matters. Instead, defendant explained that the custody and marital matters had to be pursued in Illinois because that was where the state court that made the original determinations was and because her ex-husband and three children still resided there. Defendant indicated that it did not have the ability to represent clients in Illinois. Nonetheless, defendant provided plaintiff with contact information for a legal aid organization in Chicago and even sent a letter on her behalf to the LAF. Additionally, defendant did not believe that bankruptcy was the necessary course of action by plaintiff to address her financial situation.

There is no constitutional right to an attorney in civil litigation. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). A court may not require an unwilling attorney to represent an indigent client in a civil action. Mallard v. U.S. Dist. Ct. for the S. Dist of Iowa, 490 U.S. 296, 307, 310 (1989). Defendant was well within its rights to decline to represent plaintiff in her various legal matters. In declining representation, defendant has indicated that the reasons were because of limited resources, the fact that defendant's staff attorneys do not practice in Illinois or Indiana, and differences of opinion as to the propriety of filing a bankruptcy claim.

More important, plaintiff does not allege discrimination on the basis of her race or national origin. See Arguello v. Conoco, Inc., 330 F.3d 355, 358 (5th Cir. 2003) (citation omitted). Nor does she allege any specific discriminatory acts by defendant. Id. "Under § 1981, courts are charged only with determining whether such actions were racially discriminatory; where they are not shown to be, courts cannot second-guess the bases for them." Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 262 (5th Cir. 2007). There, there is not even a reason to second-guess.

Plaintiff has not demonstrated that defendant's refusal to represent her was due to any racial bias. Accordingly, it is respectfully recommended that plaintiff cannot assert a civil rights claim against defendant pursuant to § 1981.

**C.      This Court Lacks Jurisdiction Under The <u>Rooker-Feldman</u> Doctrine.**

Pursuant to the <u>Rooker-Feldman</u> doctrine, this Court does not have jurisdiction to review, modify, or reverse a state court's final orders. <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983) ("United States District Court has no authority to review final judgments of a state court in judicial proceedings"); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923) ("jurisdiction possessed by the District Courts is strictly original"); <u>see</u> <u>also</u> <u>Liedtke v. State Bar of Tex.</u>, 18 F.3d 315, 317 (5th Cir. 1994).  Unless there is specific law creating jurisdiction to entertain such attacks, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." <u>Liedtke</u>, 18 F.3d at 317; <u>accord</u> <u>United States v. Shepherd</u>, 23 F.3d 923, 924 (5th Cir. 1994). The Supreme Court has further held that the <u>Rooker-Feldman</u> doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005).

Part of the relief that plaintiff seeks is to attack final orders issued by the Circuit Court for Cook County in Case No. 97D13339.  (D.E. 1-2, at 2). Specifically, she wants to "re-appeal" this case in Texas.  Accordingly, it is

respectfully recommended that this Court lacks jurisdiction to entertain plaintiff's claim pursuant to the Rooker-Feldman doctrine.

**D.     This Court Lacks Jurisdiction Over Plaintiff's Child Custody Disputes.**

It has been long established that federal courts do not have jurisdiction to decide domestic relations disputes.  Ex parte Burrus, 136 U.S. 586, 593-94 (1890); see also Franks v. Smith, 717 F.2d 183, 185 (5th Cir. 1983) ("issues of domestic relations are the province of state courts, going back to *Ex parte Burrus*").  This principle is an exception to federal diversity jurisdiction.  Goins v. Goins, 777 F.2d 1059, 1062-63 (5th Cir. 1985).  The Fifth Circuit explained that "[t]he state court has a strong interest in and the expertise to decide domestic issues which federal courts lack."  Id. at 1062.

Plaintiff seeks to consolidate her child custody cases pending in Indiana state courts with this action.  (D.E. 1-2, at 2).  Specifically, she is seeking consolidation in order to have this Court adjudicate the child custody dispute with her ex-husband.  Accordingly, it is respectfully recommended that this Court lacks jurisdiction to entertain plaintiff's child custody dispute.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to proceed in forma pauperis be denied, and that her claim be dismissed.

Respectfully submitted this 20th day of June 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n., 79 F.3d 1415 (5th Cir. 1996) (en banc).